IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO:

LAURA RENFRO,

    Plaintiff,

vs.

BRIAN SMITH and WAL-MART
STORES EAST, LP,

    Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, LAURA RENFRO, and sues Defendants, BRIAN SMITH and WAL-MART STORES EAST, LP, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Brevard County, Florida.

3. At all times material to this action, BRIAN SMITH, is a natural person residing in Brevard County, Florida, working as an employee/manager for the Defendant, WAL-MART STORES EAST, LP.

1

4. At all times material to this action, WAL-MART STORES EAST, LP is a corporation licensed to do business in the State of Florida.

5. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was the owner and in possession of that certain business located at 2700 Clearlake Road, Cocoa, Florida, said business being that of a Retail Business, open to the general public, including the Plaintiff herein.

6. On or about August 25, 2019, Plaintiff visited Defendant's premises located at the above address as a retail customer.

7. At that time and place, Defendant, BRIAN SMITH, was an employee of the Defendant, WAL-MART STORES EAST, LP, as the manager and was in charge of the daily operations and had the responsibility to ensure that the Defendant's premises are maintained on a daily basis in a clean and safe manner.

## COUNT I
## NEGLIGENCE OF BRIAN SMITH

8. On or about August 25, 2019, the Defendant, BRIAN SMITH, owed the Plaintiff, LAURA RENFRO, the duty to exercise reasonable care for the safety of the Plaintiff, LAURA RENFRO.

9. At said time and place, Defendant, BRIAN SMITH, owed a duty of reasonable care to his customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that his customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff, alleges that he breached these duties by doing the following:

   a. Negligently failing to maintain or adequately maintain the bicycle display, thus creating a hazardous condition to members of the public utilizing said display, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b. Negligently failing to inspect or adequately inspect the bicycle display, as specified above, to ascertain whether the display constituted a hazard to

    customers utilizing said display, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

  c. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the bicycle display, when Defendant knew or through the exercise of reasonable care should have known that said display was unreasonably dangerous and that Plaintiff was unaware of same;

  d. Negligently failing to properly train his employees in adequately assisting customers who trying to get a bicycle from the display, thus causing unreasonable risk of harm;

  e. Negligently failing to properly train his employees in adequately warning customers of the store's dangerous conditions, such as the bicycle display, through the proper placement of warning signs, and/or failing to properly supervise them in maintaining the same; and

  f. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the floors on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

  10. As a result, while Plaintiff was visiting Defendant's business, she was hit with a bicycle that was being removed from the display by a Wal-Mart Stores East, L.P. employee, sustaining injuries as set forth.

  11. As a direct and proximate result of the negligence of Defendant, BRIAN SMITH, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT II**
**NEGLIGENCE OF WAL-MART STORES EAST, LP**

Plaintiff, LAURA RENFRO, reiterates and realleges Paragraph 1-12 set forth herein.

12. On or about August 25, 2019, Plaintiff, LAURA RENFRO, visited Defendant's premises located at the above address as a retail customer.

13. At said time and place, Defendant, WAL-MART STORES EAST, LP, owed a duty of reasonable care to its customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that its customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff, alleges that Defendant breached these duties by doing the following:

> g. Negligently failing to maintain or adequately maintain the bicycle display, thus creating a danger to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;
>
> h. Negligently failing to inspect or adequately inspect the bicycle display and employees tasked with assisting customers, as specified above, to ascertain whether the employee assisting customers and/or bicycle display that patrons were utilizing on said premises constituted a hazardous condition, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;
>
> i. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the employee assisting customers and bicycle display, when Defendant knew or through the exercise of reasonable care should have known that said employee and bicycle display were unreasonably dangerous and that Plaintiff was unaware of same;
>
> j. Negligently failing to correct and/or adequately correct the unreasonably dangerous condition of the bicycle display on Defendant's premises, when said condition was known to Defendant or had existed for a sufficient

       length of time such that Defendant should have known of same had Defendant exercised reasonable care;

k. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the bicycle display for dangerous conditions;

l. Negligently failing to train and/or inadequately training its employees to assist customers with regard to removing bicycles from the display;

m. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

n. Negligently failing to act reasonably under the circumstances;

o. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

p. Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

q. Negligently failing to render aid to the Plaintiff after her injury and/or negligently rendering aid to the Plaintiff after her fall.

r. As a result, while Plaintiff was visiting Defendant's business, she was hit with a bicycle that was being removed from the display by a Wal-Mart Stores East, L.P. employee, sustaining injuries as set forth.

As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT III – VICAROUS LIABILITY OF**
**WAL-MART STORES EAST, L.P.**

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, and further states:

15. Defendant, WAL-MART STORES EAST, L.P. hired employees to assist customers at the above-referenced Defendant location.

16. On August 25, 2019, one of Defendant's employees negligently removed a bicycle from the Defendant's bicycle display at the above location, hitting the Plaintiff about the head and shoulders with a bicycle.

17. By virtue of the agency relationship existing between the Defendant, WAL-MART STORES EAST, L.P., and its employees, the Defendant, WAL-MART STORES EAST, L.P., is vicariously liable for the negligent acts of its employees, committed in the course and scope of their employment, duties or agency.

As a result, Plaintiff, LAURA RENFROM, suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LAURA RENFRO, sues the Defendants, BRIAN SMITH and WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 10th day of August 2020.

/s/ Edward C. Combs, Jr.
EDWARD C. COMBS, JR., ESQ.
FBN: 0084096
Morgan & Morgan, P.A.
940 S. Harbor City Boulevard
Melbourne, FL 32901
Telephone Phone: (321) 802-5038
Facsimile: (321) 327-6948
Primary email: ecombs@forthepeople.com
Secondary email:alishaedwards@forthepeople.com

                                          _____
                                          Attorneys for Plaintiff