UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA RENFRO,

        Plaintiff,

v.                                                          Case No: 6:20-cv-1760-Orl-78GJK

WAL-MART STORES EAST, LP, and
BRIAN SMITH,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 3) and Defendant Wal-Mart Stores East, LP's Response in Opposition (Doc. 9). For the reasons set forth herein, the Motion to Remand will be granted in part.

**I.   BACKGROUND**

On August 25, 2019, Plaintiff was shopping at one of Defendant Wal-Mart Stores East, LP's ("**Wal-Mart**") locations when a bicycle that was being removed from a display hit her. (Doc. 1-2, ¶¶ 6, 10). Plaintiff filed suit against Wal-Mart and its manager, Brian Smith, for negligence arising from the incident. (*See generally id.*). Wal-Mart removed to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1332. (Doc. 1). In the Notice of Removal, Wal-Mart argues that complete diversity of citizenship exists because Smith was fraudulently joined to defeat diversity jurisdiction. (*Id.* at 5–11). Plaintiff filed the Motion to Remand arguing that joinder is not fraudulent and complete diversity does not exist. (*See* Doc. 3).

## II.      LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States."  28 U.S.C. § 1332(a).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Any doubt as to "jurisdiction should be resolved in favor of remand to state court."  *Id.*

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction," the plaintiff "is said to have effectuated a 'fraudulent joinder.'"  *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  In such a case, "the district court must ignore the presence of the non-diverse defendant[,] . . . and a federal court may appropriately assert its removal diversity jurisdiction over the case."  *Id.*  To establish fraudulent joinder, "the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pleaded jurisdictional facts to bring the resident defendant into state court."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  "The defendant must make such a showing by clear and convincing evidence."  *Henderson*, 454 F.3d at 1281.

### III.     DISCUSSION

Plaintiff alleges that Smith was negligent because he failed to inspect the premises and ensure that the premises were reasonably safe, failed to maintain the bicycle display in a safe manner, and failed to train his employees in the proper removal of bicycles from the display. (Doc. 1-2, ¶ 9). Plaintiff argues that Smith had a duty to perform such activities as a result of his employment as a manager and that his failure to do so makes him personally liable for negligence with regards to her injuries.

Pursuant to Florida law, "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). "However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* Courts have held that where a manager had no personal involvement in the accident, had no knowledge of the dangerous condition, and was not present when the accident occurred, then the manager cannot be held personally liable. *See Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV-MORENO, 2018 WL 5983506, at *3 (S.D. Fla. Nov. 14, 2018); *Roland v. Waffle House, Inc.*, No. 4:18cv410-MW/CAS, 2018 WL 6715513, at *2 (N.D. Fla. Oct. 2, 2018); *Pritchard v. Wal-Mart Stores, Inc.*, No. 8:09-cv-46-T-24TGW, 2009 WL 580425, at *2–3 (M.D. Fla. Mar. 5, 2009).

Defendants have submitted the Declaration of Smith as evidence that he was not personally involved in the alleged incident. Specifically, Smith states that he: (1) did not witness the accident; (2) had no personal involvement in the accident, and (3) was not at

or near the bicycle display when the accident occurred. (Doc. 1-6, ¶¶ 5–12). Nevertheless, Plaintiff argues that Smith had an affirmative duty to inspect, or ensure the inspection of, the premises in his role as manager, including inspecting the bicycle display for hazardous conditions, and to train employees on the proper handling and removal of bicycles from the display. In the Complaint, Plaintiff alleges that Smith was personally negligent in failing to carry out or confirm such an inspection had occurred or the employee had been properly trained. Smith does not deny that he had such duties or that he failed to perform them on the day of Plaintiff's accident. To the contrary, Smith acknowledges that he did not observe the bicycle display prior to the accident and does not make any statements regarding his instructions to the employee handling the bicycle. (*Id.* ¶¶ 12–13). These duties are more than mere administrative functions and the failure to perform them could create personal liability for Smith. Thus, Wal-Mart has not shown by clear and convincing evidence that Plaintiff cannot state a claim against Smith and this case is due to be remanded for lack of complete diversity. *See Krobatsch v. Target Corp.*, No. 20-81552-CIV-ALTMAN/Brannon, 2020 WL 6375175, at *4–5 (S.D. Fla. Oct. 30, 2020).

To the extent Plaintiff requests this Court also impose attorney's fees and costs as a result of Wal-Mart's removal, Plaintiff has failed to adequately brief the issue or state any legal basis for her entitlement thereto.

**IV.   CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 3) is **GRANTED in part**. To the extent that Plaintiff seeks remand of this case, the Motion is granted. In all other respects, the Motion is **DENIED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case Number 05-2020-CA-037957.

3. The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ORDERED** in Orlando, Florida on January 27, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida

5